The first case on the call of the docket is Agenda No. 9, Case No. 132383, Chicago Title Land Trust Co. v. Watkin. Is the attorney for the appellant ready to proceed? Yes, Your Honor. Good morning. Good morning. Please proceed. Good morning, counsel. Good morning, friends. Yes. My name is Arthur Chaya. It's C-E-D-A-J-A. And I, along with my co-counsels, Mr. Jim DeCristofano and Mr. Rod Rogenevich, we represent the Plaintiff Appellant Chicago Title Land Trust Company. Now, this case presents the court with a single question. When the statute of limitations on a promissory note expires, does the mortgage that secures the note survive as a lien on the borrower's title? And for over 170 years, the answer to that question has been no. When the note is paid, released, or barred by the statute of limitations, the mortgage that secures it, it's extinguished. It's gone. It no longer has any effect. And the reason is because the note is the principal thing, and the mortgage is merely an incident to it. And it's not just me saying this today. These are the words of this honorable court. In Pollack v. Mason, the court stated, when the debt that the mortgage secured was paid, discharged, released, or borrowed by the statute of limitations, the mortgage is gone and no longer has any effect. So, counsel, if we accept your premise, then doesn't that render Section 13-116 superfluous? It does not, Your Honor. Section 13-116 serves an entirely different purpose than the statute of limitations. Which is? Which is to clear old and unreleased mortgages from the public record. But you just told me a moment ago that once the note becomes time-barred, as a matter of law, the lien is extinguished automatically. The problem is, Justice, you have this recorded document that sits there in the public record. People may not know if that document was extended by the parties, for instance. And I make this point that Section 13-116 does not apply to the parties to the mortgage. Because as between the parties to the mortgage, they never need to record the mortgage for it to be a lien between them. And why would they need to record the extension? So, the public record has been littered, and even to this day, is littered with hundreds, if not thousands, of these old mortgages that have been unreleased. Some of them have been paid. Some of them have been borrowed by the statute of limitations. But what do you do? When you're trying to refinance or trying to sell, the bank may have gone out of business. They may no longer have the mortgage. They may no longer have the paperwork to find out whether the note has been paid. What do you do? Counsel, where would it leave us if the debt were simply paid? If the debt was simply paid? Then that's one of the rules of limitation that the Commonwealth provides. Because if you read Section 13-116... But if your client just paid the debt, wouldn't that make all of this go away? Yes, it would. Sure. And why isn't that happening? That's only one of the ways that the mortgage, the security instrument, can be extinguished. As I mentioned a moment ago, since the 1860s, a number of different things terminated the lien of the mortgage. Payment, release, discharge, borrowed by statute of limitations or borrowed by another procedural rule, such as res judicata, the single refinement rule. All these things are in equal footing, and this has been the law since 1866. Counsel, assuming that the 20-year statute is valid, in another six years or so, in 2032, if it's released and your clients hold on to the property and sell it at that time, then they basically are enriched with a windfall of $150,000. Does that seem fair to you? Well, I would say this. The note and mortgage, they're two instruments in this case, each of which carries a 10-year statute of limitations, right? Counsel, that was not my question. I'm talking about it. I'm framing this in a position of equity. Does that seem like an equitable result to you? Because at some point, this mortgage will be released, assuming that the 20 years that we find that the 20-year statutory period is valid. In 20 years, they have not paid the debt, the lien is now released, and they're enriched by $150,000. Why is that fair? Well, I would say that equity follows the law. And the various laws that we have, including the common law, state that once the note is unenforceable, the mortgage is extinguished. And I would compare it to any other statute. For example, if I'm going home today and I get killed in a car accident, my family has two years to bring a lawful death claim. If my wife files that action a day after— Counsel, that was not my question. I asked you whether that seemed fair. Does that seem like a fair result to you? It's just yes or no. If it seems fair to you, you can say yes. It does. Let me maybe answer it this way, Justice. This is a case where a decade has gone by, right? I'm trying to answer the question. Counsel, you've answered my question. That was not my question. I asked whether that seemed like a fair and equitable result for your clients to be enriched by $150,000. In answer to Justice Holder-White's question, if they paid the debt, wouldn't this all go away? Yes, it would. Okay. Thank you. So our position today is that the common law, which has been part of this—the law of the state of Illinois has been the same for over 170 years. And the appellate court now did something that is completely unknown to Illinois law. They basically untied the note and mortgage. Those two documents have always run together. That's why the statute of limitations on both instruments has always been the same at 10 years. When the note becomes unenforceable by operation of the statute of limitations, the mortgage that serves as security for it, it's an unenforceable lien, which is by definition a cloud on title. Counsel, the flip side of my question about why don't they just pay it is, of course, are we dealing with a situation where the other side has slept on their rights? Absolutely. They have not asserted their rights and allowed this to lapse and get to a point where we are.  Absolutely. That was what I was going to say a moment ago. It was a 10-year period where nothing happened. And the defendant did file an action to foreclose her mortgage. She lost. And then she didn't take an appeal. She didn't file any other case. So absolutely, it is a case, a situation where are we rewarding someone that slept on their rights? And think about, to follow this analogy further along. So let me pick up on that.  If a mortgage foreclosure action had actually proceeded and you had raised a defense that it was time barred, could you have brought a counterclaim to quiet title to remove the lien on the basis that the mortgage is also time barred? I think so, yes. Is there any case that says you can do that? Well, I don't recall the procedural posture of the first case. But from my recollection, to the best of my recollection, I should say, it was defeated on a motion to dismiss. So it didn't get to the point where the counterclaim was just to be filed with the answer. So it didn't get that far. But I think, yeah, I think it could have. So I want to explore the purpose of 13-116. As I understand it from meeting Livingston, the problem that the General Assembly was trying to solve was you had all these properties out there that were not marketable. They couldn't be sold because they had these stale liens and no one was going to buy it. If I understand your argument correctly, that 13-116 can live in harmony with the 10-year statute of limitations, and I want you to explain that. Absolutely, absolutely. Our position is after 10 years, a borrower, homeowner, can file a quiet title action stating the statute of limitations on both of these instruments is wrong. This lien is now unenforceable. But after 20 years, you don't have to. And that's where Section 116 comes in. So after 20 years, it's as a matter of law, by Operation Law, you don't need to do anything. Correct. And the problem was because it was too expensive to… To file quiet title actions, yes. And clogging the court docket. And, Justice, you know, I deal with this statute almost every day in my practice. There's a mortgage. I'm on real estate. I do closings as well. And we get a title commitment. And there were always almost… And I look back this year. Every single transaction I did, there was an old, unreleased mortgage. And I look at… We pull the public record. We look at the maturity date. And if the maturity date is more than 20 years, you know, it's more than 20 years past the maturity date, and we don't see a recorded extension, we don't have to worry about it. And that, I submit to Your Honor, is the purpose of this statute, is to automatically clear these old, unreleased mortgages without litigation. And it promotes an accurate public record. And does your position align with this body of law that there remains a moral obligation? Absolutely. Explain that to me. Absolutely. The appellate court thought that we were arguing that when the notes statute of limitation ran, that somehow the debt was extinguished. We're not saying that. We're saying that the lien, the security issue, the mortgage, that was extinguished when the note became unenforceable. So there may very well be a moral obligation. Well, but I don't think you're saying that the lien automatically became extinguished after it became time barred. I think you're saying that you can extinguish the lien by either filing a quiet title action or awaiting the 20 years. Absolutely. That is exactly right. So you're not saying that it automatically extinguishes. Correct. And the common law did say that. The old cases did say that the lien was extinguished. And I submit to you, absolutely. Because any time you have a dispute with a lender, for instance, you think you paid off the mortgage in full. And to get rid of the lien, the public record, you still have to file a quiet title action. There may be a dispute over a few thousand dollars, which I handled once, a case like that. And we have to file a quiet title action and let the court decide whether the note had been paid in full. So you talked about, you said that the lien extinguishes automatically once it becomes time barred. Is that still your position? Or is that your position as the law stands today? As a matter of law, but not as a matter of practice. With the recording of these documents in the public record, that, I mean, it happened automatically by operation of law. You still need to get this document in the public record removed somehow. And it's our position that after year 10 and before year 20, you can still do that by filing a quiet title action. What role, if any, does the legislature play in all of this with respect to the extinguishment of a mortgage? I mean, should the legislature move in this area? I don't believe so. And I think the biggest two things I would say to that. The first is, your honors, remember the Seventh Circuit Court of Appeals case that we cited in our brief, which was the SEC versus equity vote case. In that case, the Seventh Circuit held that the payment in full of the note alone did not extinguish the mortgage, which was contrary to our common law. So they said, no, you need to go get this released, this document that can go record in the public record. And then shortly after, our legislature stepped in and says, no, no, no. They amended Section 17 of the Mortgage Act to provide that this act does not abrogate the common law rule of extinguishment. And I think that was a very textual inquiry from our legislature, telling us that these common law rules of extinguishment, they're still alive and kicking. And the other thing I would say is, if you look at this, the text of Section 13-116 as well, it's kind of an awkwardly worded statute. I'm not sure if anyone else thought the same way, but it talks about this, the lien of every mortgage trust deed in the nature of a mortgage vendor's lien, which is not seized by limitation before 1961, shall seize by limitation after the expiration of 20 years. And I think that phrase, which is not seized by limitation before 1941, is enormously important. It signaled to our legislature, telling us that there were other ways that mortgages could seize by limitation prior to the enactment of Section 13-116. And think about it. This statute was enacted in 1941. So before the date became effective, it didn't exist. So a mortgage is seized by limitation through another mechanism. Now, what we're saying is all these rules can be read as harmony. The statute of limitations for notes, for mortgages, and the common law, as well as Section 13-116, all of these provide a harmonious answer. And the answer is, after 10 years, as between the borrower and lender, as between anyone, you can file an action, a quiet title action, after 20 years because of Section 13-116. You don't have to. That's our position. Are there any further questions? I can review some of the other things I had about Livingston and some of the other. There's not much case law in this particular statute, either. I believe there's only five cases, including this case, that have addressed it. And this was previously Section 11B of the Limitations Act. Now it's known as Section 13-116. And the only time that this court looked at this decision was in the Livingston case. And I know the appellate court talked a lot about the Livingston case and tried to suggest that this case cut against my client's position. And the appellate court below said, you know, we observed that in Livingston both the 10-year statute of limitations and the 20-year statute had expired. So they took the cleaner path. And Livingston was the case that involved a buyer that wanted to get out of the real estate contract. He looked and saw an old, unreleased mortgage on the title and said, I'm not taking title to that property with those – or I think it was two mortgages – with those two old mortgages. And this court in Livingston said it was more than 20 years after the maturity date of those two mortgages. You didn't have to worry about it. They were gone. And that's Section 13-116 operating in the real world. It's out there. It's clearing title to these old mortgages. Like I said, banks that may have failed, loans that nobody can find. These are real concerns. And it's not saying that you can't file a quiet title action before 20 years. It's just saying that after 20 years, you don't have to. I was just going to ask you that, you know, in your practice, when your client finds old mortgages and notes like that, do they routinely insure over them after 20 years? After 20 years, yes. It's not even a concern. Before 20 years, the title company would say to you, you need to go to court and get an order. And that's what we tried to do. Mr. Chia, I want to make sure I understand your position. And that is that Section 13-116 was not intended to occupy the entire space of invalidation of mortgage liens. It was simply intended to provide those who lacked means to file a quiet title action to eventually get the lien erased, invalidated by operation of law after 20 years. Yeah, and it doesn't say shall only cease by limitation pursuant to this section or something along those lines. But yes, or you may not be in a position, Justice, where you need to. You may not be selling your house. You may not be refinancing. Okay, I've got this mortgage. I know I paid it off or I know it's borrowed. I'm just going to wait. I don't need to do anything. But for those who want to sell, need to refinance, they still have the option to file a quiet title action. So the appellate court's ruling here effectively gives this mortgage lien what I'll call an afterlife. Yeah. And you're saying that's not consistent with the statutory scheme? Yes, and I think that, you know, in one breath, we all think at some point the appellate courts and everyone agreed that this lien was unenforceable. And I don't think there's a dispute today about that. What do you do with this unenforceable lien if you allow it to sit for another decade on somebody's title? And then they go to sell or refinance, and now what? I mean, to me, that's an enforcement mechanism. We refer to it as a package. It's leverage. Leverage, exactly. If you want to buy the property, if you want to sell your property, you've got to take care of me. Yes, yes. And then what amount does the lender ask for? Do they ask for the full amount, the interest, cost, attorney fees? Do we not give them interest after 10 years? It creates more confusion. It's almost like we were turning back the clock after the statute was passed to sort of the Kraft v. Holtzman era, which, you know, left people out there uncertain about the public record. I think the Kraft case was more about, and the legislature's response to the Kraft case was more about creating an accurate public record that people can rely on. People rely on this stuff every day. I do in my practice. The title companies I work with, the banks that we deal with every day, we rely on this public record being accurate. And having these, we call them zombie mortgages, still out there just creates title issues for everybody. So I think the statutory scheme, along with the common law, can be right together. My opponent's position, unfortunately, requires us to overturn 107 years of precedent. Do you know if this problem of all these stale liens that were making properties unmarketable, was that a statewide problem? Was it limited to Chicago? Do you know what motivated the legislature? I imagine it's everywhere, Justice, and I imagine it's still out there today. I had a client the other day who sold a Corvette dealership, and his mortgage was still coming up, old mortgage on title. And, you know, thank God we were able to contact the lender and get a duplicate release. But this happens all the time. People get releases of mortgages that says, for your protection, go record this. And, oh, great, they file it away, and maybe they lose it or something like that. So, yeah, it's still out there. Section 13116 is out there doing great work, even today. It's just in this particular case, it has no work to do. Thank you, Your Honors. Thank you, Counsel. Mr. Kuehl, please proceed with your argument. Good morning, Your Honors, Counsel, and may it please the Court. My name is Robert Kuehl of Kuehl Law PC. I represent the defendant appellee, in this case Sarah Watkin, as trustee of the Sarah Watkin 2000 Revocable Trust. I'd like to start out by discussing the issue of the note and mortgage time bar. I think we all agree that my client's note and mortgage are time barred in this case. I think it's not so clear why they're time barred. As has been discussed previously, there was a foreclosure action filed below. In that foreclosure action, Marlene Stein, who is one of the borrowers and a beneficial owner, advanced a combined motion to dismiss. That motion was granted without prejudice on February 2nd, 2023. That's C-233 in the record. I interpret that order to mean that the Court granted the 615 portion of the motion, giving my client time to replete. There's no language to that effect. There was no future date, so it's not clear what that word exactly was. I just checked the record last night, and in January of this year, another order was entered in that same case containing language indicating that that February 2023 order was a final order as of the time of its entry. So I bring that up just to emphasize that while we agree the note and the mortgage are time barred, it's not really clear why they're time barred. I don't know ultimately if that's going to work. How is any of that relevant? Your Honor, because whether or not the note and mortgage are time barred I think are a key issue in this case. But you acknowledge it's time barred, so why is the procedural history of the case relevant? Because, Judge, the other side is arguing that they're time barred owing to the running of the statutes of limitation, and it may be the case that they're time barred because of the passage of time from that dismissal order. There's also been much discussion about enforceability. It's not entirely clear what my opponent means by enforceable, but we submit that my client's note and mortgage are currently enforceable judicially. There is a possibility that my client could file a suit on the note and the mortgage and prevail, assuming the other side doesn't raise it. Have you argued that in your brief? Yes, Your Honor. And the appellate court even mentioned that in its opinion. They would have to raise an affirmative defense in that case. And also, as we indicated, there is a possibility that one or more of the borrowers could make a partial payment or they could make a new promise to pay, which would restart the limitations period. I guess I'm struggling because I thought you started your argument by acknowledging that your claims are time barred. They are, Judge. Okay, but then in another breath you said, well, we could still file a suit on this. Sure. Okay. They would have to advance an affirmative defense.  And it's possible that the clock could restart if a borrower makes a partial payment. Right, but that hasn't happened here. Correct. And ultimately, the enforceability, whether or not the note and the mortgage are currently enforceable or not, I think under the statute, 735 ILCS 5213.116, my client's mortgage lien survives. That statute makes clear that the life of the mortgage lien is set 20 years from the time the last payment becomes due. Here, the maturity date was June 24, 2012. So the lien survives statutorily into 2032. And there is the possibility of extensions under the statute. So it could be the lien could survive 20 years plus one or more of the 10-year extensions. So if your argument is that your lien survives for 20 years despite the 10-year statute of limitations, how do you square that? I mean, are you saying that you can file a complaint to foreclose on your lien and the only reason that it could be stopped in its tracks is if the defendant were to raise a 10-year statute? That is a possibility, Judge. So it's just a matter of pleading the affirmative defense? Correct. If, in your situation, you file suit, could the defendant, borrower, bring a counterclaim to quiet title based on the 10-year statute? I think they could, Judge. In this case, I think that probably could have happened. And would they prevail? I would think it would probably, if they brought a counterclaim to quiet title, I would make the same arguments. Which is what, that your lien lasts for 20 years? Yes, statutorily and under the common law. So if your lien lasts for 20 years, you're saying you could foreclose on your lien, you know, up to 20 years, even though the statute of limitations on a mortgage foreclosure action on a lien is 10 years. I'm not sure that 13-116 is a statute of limitations. It's not, Judge. As Livingston Court, as we said in Livingston, it's not written in the way we write statutes of limitations, or the General Assembly does. And we agree, Judge, with the appellate court that it is not a statute of limitations. We wouldn't seek to foreclose the lien under the statute. There's a 10-year statute of limitations to foreclose the mortgage, but the mortgage lien itself lives for a minimum of 20 years under 116. Well, but you acknowledge you can't enforce that lien after 10 years, right? You could, Judge, with the filing and not bringing an affirmative defense, or if there's a partial payment or a new payment. In other words, you could bring the claim, but it would become, it would be the burden of the defendant to raise the statute of limitations. Correct, correct. And the court would then rule on that. Presumably, the court would find that the action is time-barred if the affirmative defense is raised. I would assume so, yes, Judge. And then how does that relate to 13-116? Well, it relates in the sense that the statute sets the life of the mortgage lien. So I suppose in that scenario, were there a counterclaim to be filed to quiet title, and that, or an affirmative defense, I'm sorry, Judge, an affirmative defense, and that was ruled unfavorably for the party bringing the defense, I would argue that 116 still sets the life of the mortgage lien at 20 years or more. So you're saying that the statute of limitations defense, based on a 10-year statute, would fail because 13-116 gives you a 20-year span to bring your claim? No, they're two separate things, Judge. The whole thing is a little bit odd, right? And so I'm trying to really understand how these two statutes work together. So the 10-year statute for the mortgage and the 20-year statute for the mortgage lien. Well, they're both, a mortgage is a lien. So if you're drawing a distinction between a mortgage and a mortgage lien, they're the same thing. I would submit they're different, Judge. Explain that. So in this case, we have the underlying indebtedness, which survives. We have the note, which survives. We have the mortgage, which survives. And then the mortgage lien results from the recording of the mortgage. So they're connected, but they are separate items. I understand what you're saying, that it requires the actual recording to constitute a lien on the property. So you're saying that even though the parties may agree amongst themselves to grant a mortgage, that that does not constitute a lien? I suppose technically it would, Judge, but as against. As against third parties, it may not constitute, because there's no notice. I get that. But as between the parties, it's a lien. I would assume so. How you would enforce that lien that's not recorded, I'm not sure. So Mr. Chaya, he raises the argument that 13-116 was not intended to occupy this entire space on the invalidation of a mortgage lien. Rather, one can seek to bring a quiet title action after 10 years. But if you don't, then after 20 years, it happens by operational block. What's your response to that? I would agree with that, Judge. 116A, in particular, fixes the lifespan of the mortgage lien to 20 years. And it could be longer, again, with statutory extensions. So in the mortgage foreclosure action. I'm sorry. Go ahead. I've been hodling. Go ahead. Is it because now you're asserting this right in this action of quiet title, that you think that now that authorizes renewing and re-upping the mortgage in the note for 10 years? Or what is it that within this quiet title action that allows you to pump the brakes and to stop them from receiving title? What is the mechanism? I'm a little confused about what action this involves that then gives you the right to go and to enforce your lien. Well, Your Honor, as of now, I don't think there's an enforcement mechanism with respect to the mortgage lien. Notwithstanding my comments that a suit could be filed, and if an affirmative defense is advanced and won, that would get rid of that case, or if there's a new promise to pay or a partial payment. But I think under the statute, the mortgage lien lives notwithstanding the running of the statute of limitations. That's all you're saying at this time. I mean, I'm trying to figure out where you're going with this and why, as opposed to refiling the foreclosure action that were here. Are you just trying to stop the operation of the quiet title long enough to be able to do the other thing? Are you actually ever going to seek to foreclose to claim your rights under this mortgage in note? It's just a little confusing to me that you seem to agree that, you know, this expiration of its 10 years causes a big problem. And, you know, the day before the 10 years ran, you know, you're in court filing this, but then nothing happens. And you could have refiled, and even, you know, over three years ago. I mean, you know, so the fact that this decision on the dismissal without prejudice didn't happen until February of 23, I mean, that was still over three years ago. So what is it that prompted just relying on coming in under this, you know, their action to quiet title to stop this? Below, Your Honor, it wasn't just 735 IFCS 513-116. It was under the common law. And we think under both those schemes, the mortgage lien survives, notwithstanding the expiration of the statute's limitation. You don't have to come in and re-up that? I mean, I understand that, you know, debts expire after 10 years, you know, the judgment you get on a debt. But you can always go in and say we want to re-up this. I mean, there are a lot of reasons. If people don't have any money, they can't satisfy a regular judgment. But here it seems a little different, that there is property that can satisfy that, could have during the 10-year period. So I just, I don't understand why sitting on these rights, I mean, doesn't seem that it's the appropriate action. And so going forward, why here are you seeking to do this rather than by refiling the foreclosure? Well, my client did file the foreclosure on her. And that was disposed of. And again, as far as sitting on rights, I think she did take action. But notwithstanding that, the statute allows for the mortgage lien to survive for 20 years or more. So, counsel, are you saying that the mortgage lien is there, and at this time, you can't really do anything with it? You can't foreclose on it, but it should just sit there for the next however many years? Is that your position? I think that's an accurate assessment, Your Honor. Okay. And so basically, you're taking the position that while I can't take any action, this should sit on the record until 2032. And perhaps, because of that, payment will be made. Correct. Or, as we indicate in our briefing, Your Honor, it could be that a title company would insure it over. But, yes, I think that would have to be the way things proceed. And I just want to emphasize, too, that this language has been on the books for over 85 years. If I could take it one step further, based on the hypotheticals that have been advanced, could the borrower, before the 20 years, bring a quiet title action invoking the 10-year statute and saying that because it's no longer enforceable, that that lien should be invalidated so I can go and sell my property? That's exactly what they did, Your Honor. I know that's what they did, but do you agree that their position is supported by the law? I don't. Explain that to me. I think Section 116 and the common law defeat that position. And so you're saying that Section 116 provides the sole and only basis upon which to invalidate a otherwise time-barred lien? I do not, Judge. And the appellate court. Well, payment, of course, is one. But what are the other ways to do it? If I understand your position correctly, a time-barred lien may only be invalidated under the statute, Section 116, at 20 years. There's no way to invalidate that lien prior to 20 years. Is that right? I think that's correct, Judge. And you think the common law supports you? Fleming, is that what you're talking about? I do, Judge, yes, definitely. And, again, this language has been on the books for over 85 years. First is Section 11B of the Limitations Act, which was enacted in 19— Does that make sense, though? I mean, if you have these properties, people own properties. They have liens on them. They're stale. They can't be enforced. People can't sell their properties. Is that what the legislature was trying to do here? It seems like they were trying to do the opposite. I'm not sure about your premise, Your Honor. I can understand. It may stand to reason that that's the case. But, again, we're relying on the clear and unambiguous language of the statute, which fixes these mortgage liens at 20 or 30 years or more. Well, but it does it by operational law, but I don't see anything in the statute that says that this is the only way that a stale lien can be invalidated. Well, but if the statute allows for the life of a mortgage lien at 20 years, it seems like nothing else should prevent that. Why would the legislature set a 20- or 30-year lifespan for a mortgage lien just to have something else be available? Well, but the legislature was addressing a problem, which was that it was expensive for people to file quiet title actions. And so what we're going to do is, after 20 years, you don't have to do it. It's automatic by statute. And what I'm suggesting to you is that that doesn't exclude the possibility that someone can come in before 20 years and file a quiet title action claiming that the mortgage is stale and therefore should be invalidated. And if they did that, Your Honor, and prevailed, that would run afoul of the statute. What would the point of the statute be? Where in Section 116 does it say you can't do that? Well, I think by its language. So your argument is by implication? Because I don't see any direct language that says that this is the only way you can invalidate a lien. Well, the statute says that the lifespan is 20 or 30 years or more. And in your hypothetical, if somebody were able to come in before that 20- or 30-year lifespan and get the lien invalidated, that would effectively upend the statute. Why? Because the statute doesn't say the statute doesn't exclude the possibility of a quiet title action. All the statute does is, by operation of law, all these stale liens are going to be invalidated after 20 years. That's all it says. It doesn't seem to be occupying the entire space of invalidating liens, stale liens. But, Your Honor, how would the ---- I take issue with the issue stale. I understand. Time bar. I understand. But why would the statute set a 20- or 30-year lifespan if somebody can come in and invalidate the lien before that? Well, because the problem the legislator is trying to address is it's expensive. People can't hire a lawyer. They don't have the ability to do this, and so we're going to do it for you. That's what Livingston said. Well, then why not set it at 10 years as opposed to 20 or 30? Why not have it comport with the 10-year statute limitations that have been on books since 1878, I think it was? That would make more sense. Why set it at 20 or 30 years? And I think the common law supports our position, too. I think it's clear there's no dispute the debt hasn't been paid here. The debt still exists. The note still exists. The mortgage still exists, and it's our position that the mortgage lien exists. Both under the statute and the common law. Where does this notion of the moral obligation figure into all of this? I think that goes to our argument as the common law judge, that there is a moral obligation on the part of the debtor to pay back a loan. So accepting that premise, which I do, does that depend on the existence of a lien? I would think it would not. Counsel, go on and answer Justice Taylor's question. It does not, Judge. Oftentimes there is a lien connected, but the argument is that that's one of the arguments. Because that obligation is there, that supports the position that the lien should survive. Would you like to make a concluding statement? I appreciate your time. I would just say for the reasons indicated in our briefing, and today, we would ask that this court uphold the decision of the appellate court and the judgment of the trial court. Thank you very much. Thank you, Counsel. Any rebuttal? Good morning again, Justices. I will be brief with my comments. I think Justice Taylor's questions hit the nail right on the head. The question is whether there's any way to invalidate a lien prior to the 20 years. And our position is, of course there is. And I think the—and I'm such a law nerd, I'm going to go ahead and read you a sentence from Livingston because this is how my mind works. But Livingston itself acknowledged that no doubt a bill to quiet title could have been filed prior to the 20-year statute being enacted. And the appellate court in McCarthy v. Lowenthal said these two statutes are not repugnant. They can be read together, and they should be read together. And that's exactly the point, that after 10 years, if someone wants to hire a lawyer to file a quiet title action on a lien that everyone admits is unenforceable, we're not talking about the hypothetical of filing a lawsuit that you know could be time-barred and having to raise a defense. But I also submit to Your Honors that this particular statute has no application between the parties. It's a third-party recording statute. That's it. And it was taken completely out of context. It's a third-party recording statute because you don't need to record the mortgage to have a lien on someone's property as between the borrower and lender. And for the same reason, you don't need to record the mortgage. That's Zicks v. Bowen, Palkey v. Palkey. So for those reasons, all the cases are cited in that briefs. We ask the Sonoma Court to reverse the decision of the lower court. Thank you, counsel. Thank you, Justices. Have a great day. You as well. Case number 132383, Chicago Title Land Trust Company v. Watkin, is taken under advisement as agenda number nine. The court thanks the two attorneys for their arguments.